Labatjve, J.
This suit was filed on the 17th, and served on the. 21st March, 1866, claiming of the défendant the sum of §3,745 30, with interest, upon two notes signed by the defendant; one dated April 3, 18G0, for §174, payable one day after date; the other for §3,571 29, dated March 26th, 1860, payable one year after date.
The petition states that the said notes represent the amount due petitioner, by the late Charles Aubert and the defendant, as his heir, as tutor of said petitioner, but without novation of liis rights or mortgage in favor of petitioner as pupil of said Charles Aubert.
In a supplemental petition, plaintiff alleges that said Charles Aubert was appointed, and qualified as his dative tutor, on the 25th May, 1835, and received as such for petitioner upwards of §10,000, and died without sealing his account of tutorship; that after his death, Lenfroy Barras was appointed administrator of his estate, and made partial payments, but a large balance remained due petitioner; that the defendant accepted the said succession; that petitioner has a legal mortgage upon the immovables of said deceased, Charles Aubert, the deceased tutor, now represented by the defendant, his sole heir; that on the 26th March, 1860, plaintiff and defendant agreed upon the amount coming to petitioner from the said tutorship, which was $3,745 30, for which the said defendant executed the said two notes.
The plaintiff prays for judgment for said sum, w'ith interest and a mortgage.
The defendant, in substance, pleaded a general denial, admitting, however, his signature, and a novation of the original debt. The prescription of four years to the note of §174, and the prescription of ten and twenty years to any mortgage tacit, or otherwise, or the accessory security to the notes sued upon, and claimed in the petition.
In this court the defendant also pleaded “the prescription of four, five ten and twenty years, as a bar to the legal and tacit mortgage, claimed by the plaintiff.
The court below sustained the plea of prescription of ten years, and gave judgment for defendant, and the plaintiff appealed.
The first legal question that is presented for solution, is the prescription of four years to the claim of the tacit mortgage.
The plaintiff alleges that his tutor died without rendering an account of tutorship, and he does not pretend nor show that one has ever been rendered since his death. The. deceased tutor was appointed on the 25th of May, 1835. Admitting that this suit was virtually a demand in rendition of account, the plaintiff, when he brought it, was over thirty years old, and that action was prescribed under Art. 356 of Civil Code, and authorities annotated, reading thus:
“ The action of the minor against his tutor, respecting the acts of the tutorship is prescribed by four years, to begin from his majority.”
Therefore, if there exist no more action by the pupil against his tutor to render an- account, and to compel him to pay whatever he may have received, the debt is extinguished, and the tacit mortgage gone.
We are, therefore,,of opinion that plaintiff has no mortgage, as given by law, upon tutors’ property, as security of their administration. Civil Code, Art. 3282.
*511 The next legal question is, are the notes sued upon prescribed?
It is true, that these notes have for consideration money that was due by the tutor to the plaintiff, and were executed by the sole heir of the deceased tutor; but it was a new contract and a new debtor, and the four years prescription, applying to the action in rendition of account of the tutorship, cannot apply to these notes which might be prescribed by five years, and not by four years. The note of $174 is prescribed on its face by five years, but the defendant has limited and restricted his plea of prescription to four years, and we cannot enlarge his defence, and apply a different and longer prescription. As to the other note of §3,571 29, five years had not elapsed, when the citation and petition were served.
We are, therefore, of opinion that the prescription pleaded do not apply to the notes, and that plaintiff must recover on them.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and avoided.
It is further ordered and decreed that the defendant, L.O. Aubert, pay to the plaintiff, Joseph Aillot, the sum of three thousand seven hundred and forty-five dollars and thirty cents, with eight per cent, interest per annum, on $174 from the 7th April, 1860, and on $3,571 30 from the 29th March, 1861, till paid, and that the defendant and appellee pay costs in both courts.